IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE WHITEHEAD,

    Plaintiff,

v.

WARDEN TIM HAINES,
(ICE) MANDY MATHSON,
and MRS. WEHRLE,

    Defendants.

OPINION & ORDER

Case No. 18-cv-1023-wmc

*Pro se* plaintiff Terrance Whitehead, a prisoner formerly incarcerated at Prairie Du Chien Correctional Institution ("PDCI"), brings this action under 42 U.S.C. § 1983 against PDCI employees Tim Haines, Mandy Mathson and Mrs. Wehrle. Whitehead claims that these defendants violated his constitutional rights in failing to address his report of mold in the kitchen at PDCI. Because Whitehead is proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case. While Whitehead may be held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it appears that the court must dismiss this lawsuit for failure to state a claim.

ALLEGATIONS OF FACT[1]

In September of 2018, Whitehead was working in the kitchen at PDCI. He saw some black mold in the dish room and informed his supervisor, Mrs. Wehrle, about what

---

[1] Courts must read allegations in *pro se* complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's complaint.

he saw. Mrs. Wehrle responded that what he saw was mildew. Whitehead alleges that "not much of anything" was done about it, so he submitted a grievance to Inmate Complaint Examiner Mandy Mathson. However, Mathson dismissed the complaint. Whitehead alleges that Warden Haines also knew about the mold but did nothing to address it.

OPINION

The court understands plaintiff to be pursuing Eighth Amendment claims against all of the defendants. Prison officials may violate the Eighth Amendment if they knowingly deprive a prisoner of the minimal civilized measure of life's necessities or subject a prisoner to a substantial risk of serious harm. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). However, a general "lack of due care" by prison officials will never support an Eighth Amendment violation because "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v.* Albers, 475 U.S. 312, 319 (1986).

To demonstrate that prison conditions violated the Eighth Amendment, a plaintiff must allege facts that satisfy a test involving both an objective and subjective component. *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The objective analysis focuses on whether prison conditions were sufficiently serious so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), or "exceeded contemporary bounds of decency of a mature, civilized society," *Lunsford*, 17 F.3d at 1579. The subjective

2

component requires an allegation that prison officials acted wantonly and with deliberate indifference to a risk of serious harm to plaintiff. *Id.*

Although there is no definitive test to determine whether conditions of confinement are cruel and unusual under the Eighth Amendment, the following kinds of alleged conditions have been found to rise to the level of unsanitary conditions: cells with broken windows, exposed wiring, extensive rust, sinks without running water, toilets covered in mold and a broken heating system, *Budd v. Motley*, 711 F.3d 840, 841-42 (7th Cir. 2013); sleeping on a moldy and wet mattress for 59 days, *Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008); a lack of sanitary conditions, including clean bedding, *Gillis*, 468 F.3d at 493-94; living in a cell in which with mold and fiberglass in the ventilation ducts, causing the plaintiff severe nosebleeds and respiratory problems, *Board v. Farnham*, 394 F. 3d 469, 486 (7th Cir. 2005); having to live for 16 months in a cell infested with cockroaches that crawled over the prisoner's body, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).

By comparison, plaintiff's single allegation that he saw mold in the dish room does not support a finding that his conditions of confinement were sufficiently serious to implicate his Eighth Amendment rights. Indeed, plaintiff has not alleged that the mold was present throughout the dish room or located where he was working in particular, much less whether he was actually exposed to the mold in a way that could create the risk of harm. If, for example, he alleged that the mold was pervasive throughout the kitchen, including his work space, that might permit a reasonable inference that the conditions in the dish room posed a serious risk of harm. Yet plaintiff simply says that he saw "some black mold" in the dish room without any context. This single allegation does not support

3

a reasonable inference that his working conditions were either unsanitary or posed a serious health risk.

Accordingly, the court is dismissing Whitehead's complaint. However, given that Whitehead's complaint was very short on detail, it may be that he omitted facts that may support a claim. Out of deference to his *pro se* status, therefore, the court will give Whitehead a short window of time in which to file an amended complaint to provide previously omitted details about the severity of the mold he saw. If Whitehead fails to submit an amended complaint by the deadline set below, the court will infer that Whitehead has already included all of the allegations relevant to his claim and dismiss the complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Whitehead may have until **March 10, 2020, to submit an amended complaint that corrects the deficiencies described above.**
2. **If plaintiff does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2).**

Entered this 18th day of February, 2020.

BY THE COURT:
/s/
_____
WILLIAM M. CONLEY
District Judge